UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lola T. Collins Welch,                                    Case No.   3:21-cv-2028

                         Plaintiff

         v.                                               MEMORANDUM OPINION
                                                          AND ORDER
Fresenius,

                         Defendant

## Background

This is another *pro se* and *in forma pauperis* action filed by plaintiff Lola T. Collins Welch.   In this case, plaintiff sues defendant "Fresenius" for money damages.   (Doc. No. 1.)   It appears plaintiff's complaint relates to dialysis services she sought in late February 2021, but her complaint, as well as the supplement she submitted with it (Doc. No. 1-1), do not set forth cogent allegations. Plaintiff complains of host of mistreatment in her life, but her allegations have no clear connection to the defendant.   The only claim she asserts is for "data breach . . . possibly libel and slander." (Doc. No. 1.)   On November 1, 2021, plaintiff filed a motion for a "protection order" (Doc. No. 3), which on its face also has nothing to do with the defendant and is denied, accordingly.

## Standard of Review and Discussion

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits.   *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).   *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf.   *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001).   District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

To survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief against the defendant that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002).

I find plaintiff's complaint must be summarily dismissed pursuant to § 1915(e)(2)(B). Even according the complaint the deference to which a *pro se* pleading is entitled, it fails to meet basic pleading requirements or set forth allegations sufficient to suggest she has any plausible claim against the defendant over which I have jurisdiction, and it falls within the realm of frivolousness. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

## Conclusion

Accordingly, plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and her complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). I further certify pursuant 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2